Filed 4/11/25  P. v. Quiroz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL JOSEPH QUIROZ,<br><br>    Defendant and Appellant. | D084001<br><br><br><br>(Super. Ct. No. SCN417516) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Richard Schwartzberg, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Gabriel Joseph Quiroz pleaded guilty to five counts of committing forcible lewd acts on a child under 14 in violation of Penal Code section 288, subdivision (b)(1), admitted to three aggravating factors, and stipulated that each count was a separate act with the same victim under subdivision (d) of Penal Code section 667.6 and Rule 4.426 of the California Rules of Court. Consequently, he was subject to five upper term consecutive sentences of 10 years each. (Penal Code, § 667.6, subd. (d).) In exchange for the dismissal of the 23 other charges pending in the case, Quiroz stipulated to a sentence of 50 years, which the trial court imposed.

The sentencing hearing proceeded smoothly until the very end. Quiroz's attorney began by confirming that there was no legal cause for sentencing not to go forward, and the judge announced his intention to impose a 50-year term. Because the parties stipulated to Quiroz's sentence, other than the People reading a statement from the victim, neither party requested to be heard. But after the court pronounced sentence, and just before the hearing was about to end, Quiroz's attorney stated that she had just been told for the first time that her client wanted to withdraw his guilty plea.

This appeal concerns what happened—and did not happen—next. The reasons for Quiroz's late request were neither voluntarily disclosed by his attorney nor inquired into by the court. For the court's part, it invited the prosecutor to agree to a continuance so that Quiroz could file a written motion to withdraw his plea. After she declined, the judge told Quiroz that

---

[1] This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People* v. *Garcia* (2002) 97 Cal.App.4th 847.)

the court would "still retain[ ] jurisdiction over the case for a period of time" and that he was "certainly . . . entitled to file motions and the Court will consider [them]." Quiroz did not pursue the matter further in the superior court.

Now represented by different counsel, Quiroz claims on appeal that his trial attorney provided ineffective assistance on the theory that she should have either pressed the judge to entertain Quiroz's motion during the hearing or filed a motion later. In his view, these failures caused him to lose the opportunity to withdraw his guilty plea.[2] Quiroz assures us that his desire to withdraw his plea was not based on "buyer's remorse"—i.e., receiving a higher sentence than he expected when deciding to plead guilty— but on unspecified "other grounds." (*People* v. *Knight* (1987) 194 Cal.App.3d 337, 344–345 [guilty plea may not be withdrawn based on buyer's remorse].)

A defendant asserting an ineffective assistance claim must establish both (1) deficient performance by his attorney and (2) prejudice, defined as a "reasonable probability" that the outcome of the proceeding would have been different but for the alleged errors. (*Strickland* v. *Washington* (1984) 466 U.S. 668, 691, 694.) We must presume that his trial "counsel's actions [fell] within the broad range of reasonableness." (*People* v. *Mickel* (2016) 2 Cal.5th 181, 198.) This presumption is unrebutted where the record " ' "sheds no light on why counsel . . . failed to act in the manner challenged." ' " (*People* v. *Lopez* (2008) 42 Cal.4th 960, 966 (*Lopez*).)

Quiroz bases his ineffective assistance claim on an appellate record that reveals nothing about the substance of Quiroz's potential motion. As a result, we are unable to infer anything about why his attorney chose not

---

2    Quiroz contends that the trial court's invitation to file a postjudgment motion may have been legally erroneous. We need not reach that question given the gaps in the record on appeal that we discuss *post*.

to bring it.  (*Lopez*, *supra*, 42 Cal.4th at p. 966 [no deficient performance for failure to act " ' "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" ' "].) We likewise have no basis to conclude that his motion would have been meritorious, as would be required to find prejudice.  (*People* v. *Singh* (2024) 103 Cal.App.5th 76, 77.)  Thus, we have no choice but to affirm the judgment. Quiroz's remedy, if any, is by way of habeas corpus.  (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

4